JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 16-1213-JFW (AGRx)**                                    Date:  March 22, 2016

Title:   Hartford Insurance Company of the Midwest, et al. -v- Cal X Properties, LLC, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

Shannon Reilly                                                    None Present
Courtroom Deputy                                             Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**                **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                                                  None

**PROCEEDINGS (IN CHAMBERS):**     ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

On February 22, 2016, Plaintiffs Hartford Insurance Company of the Midwest and Hartford Casualty Insurance Company (collectively, "Plaintiffs") filed a Complaint in this Court against Defendants Cal X Properties, LLC, George Meshkanian, Victorville Plaza, LLC, Lisa Albrecht, Ashok Talwar, individually and as trustee of the Talwar Trust, and Kay Talwar, individually and as trustee of the Talwar Trust (collectively, "Defendants"), alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.  However, Plaintiffs have not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  In this case, Plaintiffs allege that Defendants George Meshkanian, Lisa Albrecht, Ashok Talwar, and Kay Talwar reside in California.  However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  For the purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens.  *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Defendants Cal X Properties, LLC and Victorville Plaza, LLC are limited liability companies.  However, Plaintiffs have failed to allege the citizenship of any of the members of Defendants Cal X Properties, LLC and Victorville Plaza, LLC.  In addition, Plaintiffs make their jurisdictional allegations regarding Defendants based on "information and belief."  Complaint, ¶¶ 5-9.  However, jurisdictional

allegations based on information and belief are insufficient to confer jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963). Therefore, Plaintiffs have failed to demonstrate that complete diversity exists.

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.